WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Emilio Dominguez-Roman,<br>　　　　　Petitioner,<br>v.<br>United States of America,<br>　　　　　Respondent. | CR 05-1078 TUC-DCB<br>CV 05-614 　TUC-DCB<br><br>**ORDER** |

Pending before this Court is Emilio Donguez-Roman's ("Petitioner") "Motion for Time Reduction by an Inmate in Federal Custody. (28 U.S.C. § 2255)" ("Petition"). For the reasons set forth below, Petitioner is not entitled to relief.

## BACKGROUND

On September 8, 2004, Petitioner, an alien, pleaded guilty to violating Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii), for possession with intent to distribute 100 to 1,000 kilograms of marijuana. On October 3, 2005, pursuant to a plea agreement, Petitioner was sentenced by this Court to 30 months imprisonment, 36 months supervised release, and a $100.00 special assessment.

Petitioner filed this Petition on October 14, 2005, wherein he alleges he, as an illegal alien, is subject to disparate treatment, in violation of the First, Sixth, Seventh and Fourteenth Amendments to the Constitution. (Petition, pp. 1-2.) Petitioner alleges that, due to his alien status, he is prohibited from participating in certain Bureau of Prisons ("BOP") benefits and programs. (*Id.*) Furthermore, Petitioner alleges that, due to his

alien status, he is forced to serve a more difficult sentence and seeks a reduction thereof. (*Id.*) Accordingly, Petitioner files his Motion for Time Reduction seeking habeas corpus relief, pursuant to 28 U.S.C. § 2255.

## PROCEDURE

Pursuant to 28 U.S.C. § 2255, a petition for writ of habeas corpus should be presented to the court which imposed the allegedly improper sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the petition *shall* be directed to the judge who sentenced the petitioner. Rule 4(a), Rules Governing Section 2255 Proceedings. Therefore, this Court considers Petitioner's Petition.

Ordinarily, a court must conduct a hearing on a petition unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Petition, as well as the files and records, conclusively establish that Petitioner is not entitled to relief. Therefore, no hearing is required to rule on the present Petition. For the same reasons, this Court does not require a response to the Petition from the United States Attorney. *Id.*

## DECISION

Liberally construing the Petition, it appears that Petitioner's sole basis for relief is his allegation of disparate treatment. Specifically, Petitioner argues, due solely to his status as a deportable alien, he is denied the benefits of 18 U.S.C. § 3624(c), through C.F.R. § 550.58. Section 3624(c) allows a prisoner to spend a portion of his sentence in a community-based program. 18 U.S.C. § 3624(c). The Bureau of Prisons ("BOP"), however, has promulgated regulations excluding prisoners with detainers, including deportable prisoners, from this statutory provision. *See*, *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 814 (2000); 61 Fed.Reg. 25121; 28 C.F.R. 550.58. This exclusion, according to Petitioner, results in disparate treatment as it denies

deportable aliens such as himself equal protection under the law in violation of the Constitution of the United States.

The Ninth Circuit has already conclusively decided that claims such as Petitioner's must fail.  In *McLean*, the Ninth Circuit ruled that BOP regulations which exclude prisoners with detainers, including deportable aliens like Petitioner, from community-based programs do not violate the Constitution.  *McLean,* 173 F.3d at 1185-1186.  While aliens such as Petitioner are persons entitled to the protections of the Fifth and Fourteenth Amendments, the BOP regulation does not impermissibly deny aliens like Petitioner those protections since the regulation does not exclude persons based on their membership in the class of incarcerated aliens.  *Id.* at 1185.  Rather, the BOP exclusion applies to all prisoners with detainers lodged against them, including deportable prisoners, regardless of their race or national origin.  *Id.*  Since prisoners with detainers do not constitute a suspect class, and there is no evidence of discriminatory intent, the BOP regulation is valid so long as it is rationally related to a legitimate government interest.  *Id.* at 1186.

The legitimate government interest in this case is the BOP's reasonable concern that prisoners with detainers, including deportable aliens, pose a flight risk during the community-based treatment phase of their incarceration.  *Id.*  The BOP regulation is "*at least* rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers [including deportation] while participating in community treatment programs."  *Id.* (emphasis added.)  Since the BOP regulation is rationally related to this legitimate government interest, there is no violation of Petitioner's constitutional rights.

**Accordingly,**

**IT IS ORDERED** that Petitioner's Motion for Time Reduction by an Inmate in Federal Custody (28 U.S.C. § 2255), (Document 17) filed in CR 05-1078 TUC DCB and (Document 1) filed in CV 05-614 TUC DCB is DENIED.

1     **IT IS FURTHER ORDERED** that Civil case number CV 05-614 TUC-DCB is
2 DISMISSED with prejudice.
3     **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment
4 accordingly.
5     DATED this 4th day of November, 2005.

David C. Bury
United States District Judge